

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

WYNONA COLEMAN
       *Plaintiff,*

v.               No. 3:15-cv-00032 BSM/JTK

LINCOLN FINANCIAL GROUP,
THE LINCOLN NATIONAL
LIFE INSURANCE COMPANY and
LINCOLN NATIONAL CORPORATION
       *Defendants.*

This case assigned to District Judge MILLER
and to Magistrate Judge KEARNEY

# COMPLAINT

Comes now the Plaintiff, Wynona Coleman, by and through her counsel, Snellgrove, Langley, Culpepper, Williams and Mullally, and for her Complaint against the Defendants, Lincoln Financial Group, Lincoln National Corporation and The Lincoln National Life Insurance Company, states and alleges:

## I. JURISDICTION AND VENUE

1. Plaintiff's claims arise under the Employee Retirement and Income Security Act of 1974, ("ERISA") 29 U.S.C. § 1001 et seq. Accordingly, pursuant to 29 U.S.C. § 1132, this Court has subject-matter jurisdiction over the claims in this case, and venue is proper in this Court.

## II. PARTIES

2. Plaintiff, Ms. Wynona Coleman, is a current resident and domiciliary of Jonesboro, Arkansas, and, at all times relevant, was employed as a medical-records clerk for

Northeast Arkansas Women's Clinic, P.A. in Jonesboro, Arkansas. Ms. Coleman was an eligible plan participant of the Group Long-Term Disability Insurance plan offered by Northeast Arkansas Clinic, P.A. and administered by separate defendant, The Lincoln National Life Insurance Company.

3. Separate defendant The Lincoln National Life Insurance Company ("LNLI Co."), is a corporation incorporated under the laws of the State of Indiana with a principal place of business in Fort Wayne, Indiana. LNLI Co. is the insurer and plan administrator for the group long-term disability insurance plan at issue in this case.

4. Separate defendant, LNC, is a Corporation incorporated under the laws of the State of Indiana with a principal place of business in Radnor, Pennsylvania. LNC serves as the holding company for LNLI Co.

### III. ALLEGATIONS

5. Plaintiff, Wynona Coleman, is an insured of LNLI Co. pursuant to a Group Long-Term Disability Insurance Policy issued to Northeast Arkansas Clinic, P.A. *See* Exhibit A. LNLI Co. is the administrator of this policy, which constitutes part of the employee-benefit plan offered by Northeast Arkansas Clinic, P.A ("the Plan").

6. On August 7, 2012, Ms. Coleman took leave from work due to medical complications she was experiencing with her spine, neck and shoulders. These complications were diagnosed as cervical radiculopathy, and, on August 14, 2012, Ms. Coleman underwent a cervical disectomy and multi-level fusion wherein Ms. Coleman had hardware placed in her spine.

7. On August 21, 2012, LNLI Co. approved Ms. Coleman's request for short-term disability benefits for her time off from work while recovering from her surgical procedures.

8. During an appointment with her orthopedic doctor, Dr. Robert Abraham, Ms.

Coleman complained of persistent radiating pain in her cervical spine, neck, shoulders and right arm. Based on his review and Ms. Coleman's complaints, Dr. Abraham ordered Ms. Coleman to undergo physical therapy. This period of therapy lasted from September 17, 2012 to November 30, 2012.

9. During the time she underwent physical therapy, Ms. Coleman did not report to work, and LNLI Co. approved extensions of Ms. Coleman's short-term disability benefits two times: Once on September 26, 2012, and once on November 9, 2012.

10. On November 13, 2012, LNLI Co. approved Ms. Coleman's application for long-term disability benefits.

11. Based on a review of Ms. Coleman's condition and a CT Scan of Ms. Coleman's cervical spine, Dr. Abraham concluded in his December 17, 2012 report that Ms. Coleman had good fusion and good position of all plates and screws in her back.

12. Dr. Abraham's notations on LNLI Co.'s company abilities form stated that Ms. Coleman had functional limitations and restrictions, but that she could occasionally lift from zero to five pounds, but never over eleven pounds; stand for ten to fifteen minutes; sit for one hour; drive four miles and reach above her shoulder. Dr. Abraham also concluded that Ms. Coleman could never walk, climb, bend or kneel.

13. At a January 10, 2013 appointment with Ms. Coleman, Dr. Abraham recommended that Ms. Coleman not return to work until her back had completely healed.

14. On January 22, 2013, LNLI Co. denied Ms. Coleman's claim for long-term disability benefits and stated that all existing benefits would not be paid beyond February 5, 2013.

15. In response to this termination, Dr. Abraham submitted a letter for LNLI Co.'s review stating that Ms. Coleman needed additional time off from work to allow her spine, back and

other problem areas to heal.

16. After receiving Dr. Abraham's letter, LNLI Co. enlisted the assistance of a neurosurgeon, Dr. James Tran, for a peer-review of Dr. Abraham's findings and conclusions.

17. Dr. Tran did not consult with Dr. Abraham directly, and he did not independently examine Ms. Coleman. Instead, Dr. Tran reviewed the case file and, based on that review, recommended that Ms. Coleman was able to return to light work. In light of Dr. Tran's recommendation, LNLI Co. again denied Ms. Coleman's claim for long-term disability benefits.

18. Ms. Coleman, through counsel, appealed LNLI Co,'s denial within the requisite amount of time in a letter dated July 2, 2013.

19. Despite Ms. Coleman's reference to objective evidence that she is entitled to long-term disability benefits in her appeal letter and materials, LNLI Co. stated that it was unable to approve benefits for Ms. Coleman beyond February 5, 2013. In a letter dated July 31, 2013, LNLI Co. indicated that, as a part of its appellate-review process, it forwarded the entire file with all associated documentation to a Dr. Lucien Parrillo, who performed another peer review without directly consulting Dr. Abraham or examining Ms. Coleman.

### IV. CLAIM FOR RELIEF

20. Plaintiff is entitled to certain benefits of the ERISA Plan consisting of past-due long-term disability benefits and prejudgment interest pursuant to 29 U.S.C. § 1132(a)(1)(B).

21. LNLI Co.'s denial of Plaintiff's claim for long-term disability benefits was arbitrary and capricious as Ms. Coleman's physician, who has directly examined Ms. Coleman's medical condition, and who has first-hand knowledge of her medical issues, was of the opinion that Ms. Colman could not return to work based on her circumstances and needed more time to heal

before another determination could be made.

22. LNLI Co. wrongfully terminated Ms. Coleman's disability benefits on February 5, 2013 and wrongfully denied her claim for long-term disability benefits by not considering objective evidence of Ms. Coleman's need to remain off from work for her medical issues to resolve.

23. LNLI Co. acted in an arbitrary and capricious manner by relying solely on peer-reviews by doctors who did not have first-hand knowledge of Ms. Coleman's condition and by disregarding a doctor's reliable, first-hand account of Ms. Coleman's medical circumstances.

24. LNLI Co.'s decision to deny Ms. Coleman's claim for benefits was based not on substantial evidence, and, in its denial, LNLI Co. gave no reason as to why it credited peer-review opinions over Ms. Coleman's treating physician's opinion.

25. Ms. Coleman is entitled to the benefits identified herein because the benefits are permitted under the Plan. Ms. Coleman has satisfied all conditions to be eligible to receive the benefits, the weight of the objective, reliable evidence from her treating physician indicates that she is disabled, and Ms. Coleman has not waived her rights to these benefits. Ms. Coleman has exhausted her administrative review procedures required by the Plan.

26. Ms. Coleman is entitled to reasonable attorneys' fees and costs of this action pursuant to 29 U.S.C. § 1132(g)(1).

WHEREFORE, plaintiff, Wynona Coleman prays that she be granted all relief to which she is entitled to as stated herein, and, that the court find that the denial of long-term disability benefits by defendants was arbitrary and capricious, for her costs and attorneys' fees, and any and all other relief to which she may be entitled.


Respectfully submitted,

SNELLGROVE, LANGLEY, CULPEPPER,
WILLIAMS & MULLALLY

By /s/ Todd Williams
TODD WILLIAMS
ABA #85171
P.O. Box 1346
Jonesboro, AR 72403-1346
Phone: (870) 932-8357
twilliams@snellgrovefirm.com

Attorneys for Plaintiff, Wynona Coleman

STATE OF ARKANSAS )
) ss.   VERIFICATION
COUNTY OF CRAIGHEAD )

WYNONA COLEMAN, states that she has read the foregoing Complaint and that the facts therein contained are true and correct to the best of her knowledge, information and belief.

*Wynona Coleman*
WYNONA COLEMAN

Subscribed and sworn to before me this 27th day of January 2015

_____
Notary Public

OFFICIAL SEAL - #12388128
**LYNETTE MURPHY**
NOTARY PUBLIC-ARKANSAS
CRAIGHEAD COUNTY
MY COMMISSION EXPIRES: 05-24-22